**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

MICHEALE HAUSHER,

          Plaintiff,

vs.

NANCY A. BERRYHILL,
Acting Commissioner, Social Security
Administration,

          Defendant.

Case No. 16-CV-612-PJC

## OPINION AND ORDER

Plaintiff, Micheale Hausher, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's February 27, 2013, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Glenn A. Neel was held June 30, 2014. By decision dated August 17, 2015, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on July 27, 2016. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.*, 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 34 years old on the alleged date of onset of disability and 37 on the date of the ALJ's decision.  She has a high school education and formerly worked as a general office clerk, commercial cleaner, and production assembler.  She claims to have been unable to work since August 2, 2012, as a result of fibromyalgia, clotting problems known as Factor V Leiden deficiency, history of deep vein thrombosis, degenerative disc disease of the cervical spine, history of cerebral artery surgery and cervical spine arteriovenous malformation surgery, hand and arm tingling, history of right ankle sprain, depression, anxiety, and a panic disorder with agoraphobia.  In addition, beginning on May 1, 2014, Plaintiff had inflammatory polyarthritis and osteoarthritis of the hands and feet.

## **The ALJ's Decision**

The ALJ determined that beginning May 1, 2014, the severity of Plaintiff's impairments met the criteria of Listing of Impairments §§ 14.09(D)(1) and (D)(3), 20 C.F.R. Pt. 404, Subpt. P, App. 1, and was therefore disabled as of that date.  [Dkt. 29].

For the time period prior to May 1, 2014, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), 416.967(a), except Plaintiff had to avoid concentrated exposure to hazards, including no driving as a part of work. She was capable of performing simple, routine, repetitive tasks in an environment where interpersonal contact with co-workers and supervisors was incidental to the work performed and where there was no contact with the general public. Supervision required was to be simple, direct, and concrete. [R. 21].

Although Plaintiff was unable to perform her past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. Thus, for the period from August 2, 2012 to April 30, 2014, the case was decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### **Plaintiff's Allegations**

Plaintiff asserts that the residual functional capacity assessment[2] for the period prior to May 1, 2014 is not supported by substantial evidence.

### **Analysis**

Plaintiff asserts that the ALJ's RFC finding "fails to include medically documented limitations that required two (2) surgeries and objectively documented persistent headaches and swelling, numbness, and tingling of the Claimant's extremities." [Dkt. 15,

---

[2] At one point in her opening brief Plaintiff asserts that the decision that she can "perform the full range of sedentary work with no other restraints is not based on substantial evidence." [Dkt. 15, p. 8]. The ALJ did not find that Plaintiff could perform the full range of sedentary work. The RFC included avoidance of hazards, as well as mental and social restrictions. [R. 21].

p. 7]. The Commissioner's brief points out that the ALJ accurately and thoroughly outlined the medical record, thus demonstrating that the ALJ considered the entire record. The Commissioner also points out that in her opening brief Plaintiff selected a few pieces of evidence from the record and argued that the evidence supports "additional, unspecified RFC limitations." [Dkt. 17, p. 6]. In her reply brief Plaintiff clarified that the focus of her appeal was on the ALJ's treatment of her complaints of numbness and tingling in her hands and fingers. That focus was not apparent from Plaintiff's opening brief. As a result, the Commissioner cannot be faulted for the manner in which Plaintiff's broad generalized allegations were addressed.

The court finds that the RFC includes limitations that are obviously related to most of Plaintiff's complaints. However, the RFC contains no limitation related to Plaintiff's complaints of hand and arm tingling and dysfunction and there is no discussion by the ALJ about Plaintiff's hands. The record reflects that Plaintiff was evaluated by a neurologist in August of 2012 for complaints of worsening tingling in her arms, "like ants are biting her." [R. 342-44]. In September 2012 she reported the numbness and tingling had gone from intermittent to constant. [R. 348]. Her neurologist noted she had not been able to work because of her symptoms. [R. 349]. In January 2013, her physician observed sensation was intact with parathesis in fingertips. [R. 464]. Since the ALJ did not specifically discuss Plaintiff's hand and arm complaints, the court cannot determine whether the ALJ found the hand complaints were adequately addressed in limiting the RFC to the lifting requirements of sedentary work, whether the hand complaints failed to meet the durational requirement, or whether hand limitations were omitted from the RFC for some other reason.

4

An argument can be made that the medical records support a finding of hand limitations. Likewise the evidence can be read as supporting no hand limitations. This determination should be made in the first instance by the ALJ. "[The] court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself." *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) *see also*, *Allen v. Barnhart*, 357 F.3d 1140, 1142, 1145 (10th Cir.2004) (holding that district court's post hoc effort to salvage the ALJ's decision would require the court to overstep its institutional role and usurp essential functions committed in the first instance to the administrative process); *Robinson v. Barnhart,* 366 F.3d 1078, 1084-85 (10th Cir.2004) (per curiam) (same); *SEC v. Chenery Corp.,* 318 U.S. 80, 88, 63 S.Ct. 454, 87 L.Ed. 626 (1943). The court finds that the case must be remanded for the ALJ to discuss Plaintiff's allegations of hand limitations for the period from August 2, 2012 to April 30, 2014.

## Conclusion

The Commissioner's denial decision is REVERSED and the case is REMANDED for further proceedings as specified herein.

SO ORDERED this 6th day of February, 2018.

_____
Paul J. Cleary
United States Magistrate Judge

5